FILED

2025 AUG 27  AM II: 13

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ CR _____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

DEXTER WILSON,
Plaintiff,

v.

1:25CV01371 ADA

Shw
Assistant Chief Shane Ray
in his individual and offical Capacity

CITY OF GIDDINGS;
CHIEF BILL WEEMS, in his individual and official capacity;
SGT. ZAJAC, in his individual and official capacity;
SGT. CAVAZOS, in his individual and official capacity;
OFFICER GONZALEZ, in his individual and official capacity;
OFFICER JACKSON, in his individual and official capacity;
OFFICER KIESCHNICK, in his individual and official capacity;
OFFICER MOORE, in his individual and official capacity;
DETECTIVE NIX, in his individual and official capacity,
Defendants.

## COMPLAINT

### 1. Jurisdiction and Venue

This action arises under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is proper under 28 U.S.C. §1331 and §1343. Venue lies in the Western District of Texas, Austin Division, as the events occurred in Lee County, Texas.

### 2. Parties

Plaintiff: Dexter Wilson, resident of Giddings, Texas.
Defendants: City of Giddings and the above-named officers, sued in both individual and official capacities.

### 3. Facts

1. On April 17, 2025, Plaintiff reported the theft of his lawnmower, provided evidence to Officer Gonzalez, and requested a report which neither officers would do on the initial call for service. Gonzalez asked if Plaintiff wanted to press charges; Plaintiff said yes on Camera and officer Gonzales on video is seen gathering the information. No report was filed, and the evidence was never forwarded to the District Attorney.
2. On April 18, 2025, Plaintiff reported threats involving firearms from Juan Ramirez. Sgt. Zajac refused to take a report, threatened Plaintiff with arrest, and left the scene.

3. On July 11, 2025, Plaintiff reported a Criminal Trespass Warning violation, provided photos, and Officer Jackson admitted on bodycam that the violation occurred. Yet no report was taken, and the matter was dismissed by Chief Weems, who misapplied Penal Code §9.22.

4. On multiple occasions, Chief Weems lost, destroyed, or omitted complaints Plaintiff filed against the Giddings Police Department, including a 2023 racial profiling complaint and subsequent complaints from April–July 2025. At least 15–17 complaints, 25+ emails, and 3 key pieces of evidence (CTW photos, theft email to Gonzalez, and deleted audio file) were omitted from evidence given to Texas Ranger Nicole Martin.

5. The District Attorney confirmed in certified letters that his office never declined charges, contradicting Chief Weems' repeated statements.

6. routing investigations with criminal complaints against Chief Weems And The Giddings PD to the city manager and administrative complaints to the Texas Rangers, Chief Weems Investigates and has findings for complaints against himself.

## 4. Claims

7. Count I – Violation of Fourteenth Amendment (Due Process / Equal Protection): Defendants denied Plaintiff equal police protection and selectively refused to enforce laws in his favor.

8. Count II – Retaliation: Defendants engaged in retaliation by refusing service after Plaintiff filed complaints.

9. Count III – Official Oppression (Tex. Penal Code §39.03): Officers acted under color of law to deny Plaintiff rights by refusing reports and destroying evidence.

10. Count IV – Monell Liability (City of Giddings): City ratified misconduct by consistently finding "no wrongdoing" despite bodycam and documentary evidence.

## 5. Damages

Plaintiff suffered emotional distress, PTSD exacerbation, reputational harm, and denial of due process. Plaintiff seeks compensatory damages between $1.2 million and $1.6 million, attorney's fees, costs, and injunctive relief to reform complaint-handling and reporting practices.

## 6. Prayer for Relief

- Compensatory damages in the amount of $1.2M – $1.6M.
- Punitive damages against individual defendants.
- Declaratory judgment that Defendants violated Plaintiff's constitutional rights.
- Injunctive relief requiring Giddings PD to implement independent complaint review and proper reporting procedures.
- Attorney's fees and costs under 42 U.S.C. §1988.
- Any further relief the Court deems just and proper.

## Exhibits

11. Exhibit 1: 2019 arrest for wide turn (retaliatory).

12. Exhibit 2:  Missing racial profiling complaint (4/14/23).
13. Exhibit 2A: Findings from racial profiling complaint + audio admitting loss.
14. Exhibit 3: Call sheet from 4/17/25 (lawnmower theft).
15. Exhibit 3A: Missing 4/17 complaint against Cavazos/Gonzalez.
16. Exhibit 3B: Email to Gonzalez with theft evidence.
17. Exhibit 3C: Weems email claiming DA declined charges.
18. Exhibit 4: Email to Weems (4/18/25) with deleted audio re: lawnmower.
19. Exhibit 5: May 12 emails to Nicole Martin, unanswered.
20. Exhibit 6: May 13 Ranger-related findings omitted from packet.
21. Exhibit 7: 7/11/25 Criminal Trespass call sheet.
22. Exhibit 7A: 7/11/25 Complaint against Giddings PD not submitted.
23. Exhibit 7B: Emails with Weems re: DA refusing CTW charges.
24. Exhibit 8: Weems email claiming DA declined charges.
25. Exhibit 9: Plaintiff's request for DA communications re: CTW.
26. Exhibit 10: DA letter confirming no communications exist.