# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Dexter Wilson,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-01371-ADA-SH** |
| | § | |
| | § | |
| **City of Giddings, et al.,** | § | |
| *Defendants* | § | |
| | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    **THE HONORABLE ALAN D ALBRIGHT**
       **UNITED STATES DISTRICT JUDGE**

Now before the Court are:

- Defendants' Motion for a More Definite Statement under Rule 12(e), filed October 23, 2025 (Dkt. 8);

- Defendants' Motion to Dismiss under Rule 12(b)(6), filed October 23, 2025 (Dkt. 9);

- Defendants' Motion to Enforce Joint Scheduling Order, filed December 4, 2025 (Dkt. 21);

- Defendants' Motion to Strike Plaintiff's "Third" Amended Complaint, filed December 5, 2025 (Dkt. 22);

- Plaintiff's Motion to Disqualify Defense Counsel, filed December 8, 2025 (Dkt. 24);

- Plaintiff's Motion for Leave to File Second Amended Complaint, filed December 18, 2026 (Dkt. 26);

- Plaintiff's Motion to Compel Discovery and Request for Sanctions, filed December 28, 2026 (Dkt. 28);

- Defendants' Opposed Motion to Set Oral Hearing on Defendants' Motion to Dismiss, filed March 27, 2026 (Dkt. 30);

and the associated response and reply briefs.[1]

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

## I.    Background

Plaintiff Dexter Wilson, proceeding *pro se*, filed this civil rights suit under 42 U.S.C. § 1983 against Defendants the City of Giddings, Texas; William "Bill" Weems, Chief of Police of the Giddings Police Department ("GPD"); Assistant Police Chief Shane Ray; and Officers Michael Zajac, Albert Cavazos, Eric Gonzales, Morgan Jackson, Adam Moore, and William Nix. Dkt. 1.

Wilson makes the following allegations in his First Amended Complaint: He was wrongfully arrested by GPD "Officer Kieschnick" in 2019 for making a wide turn and that this "was part of a pattern of targeting and selective enforcement." Dkt. 4 at 1. Wilson was racially profiled in 2023 by Officer Moore, who ran his plates because he "looked suspicious." *Id.* He made numerous complaints against GPD Officers, but that the department failed to properly investigate them. *Id.* at 2. GPD also failed to investigate various crimes against Wilson by a "Juan Ramirez" and obstructed his records requests. *Id.*

Wilson asserts equal protection, due process, and First Amendment retaliation claims against the individual defendants in their individual and official capacities. *Id.* He also asserts a municipal liability claim against the City under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). Wilson seeks compensatory damages of $1.2 to $1.6 million. *Id.* at 3.

This Magistrate Judge entered the parties' proposed Joint Scheduling Order on December 2, 2025, providing in relevant part that discovery would commence on March 16, 2026; all motions to amend pleadings must be filed by May 11, 2026; and jury trial would commence on November 16, 2026. Dkt. 20 at 1-2.

## II.    Defendants' Motion to Strike Under Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading "once as a matter of course" within 21 days after serving it or 21 days after service of a Rule 12 motion. "In

all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15.

Wilson filed his First Amended Complaint "as a matter of course" on August 29, 2025. Dkt. 4. Shortly thereafter, Defendants filed their motion for more definite statement under Rule 12(e) and motion to dismiss under Rule 12(b)(6). Dkts. 8-9. Wilson filed a response in opposition to the motions as well as a "Third[2] Amended Complaint" without leave of Court or Defendants' written consent. Dkt. 18. Defendants move to strike the Third Amended Complaint because it violates Rule 15(a). Wilson did not respond to the motion to strike.

Because Wilson neither complied with Rule 15(a) nor filed a response to the motion to strike, the Court **GRANTS** Defendants' Motion to Strike (Dkt. 22) and **ORDERS** the Clerk to **STRIKE** the Third Amended Complaint (Dkt. 18) from the record.

### III.    Plaintiff's Motion for Leave to File Second Amended Complaint

Wilson moves for leave under Rule 15(a) to file a second amended complaint, adding factual allegations to elaborate on his previously asserted constitutional claims and a supervisory liability claim against the City. His motion is timely under the Joint Scheduling Order. As required under Local Rule CV-7(b), Wilson also attaches a copy of the proposed second amended complaint as an exhibit to his motion for leave. Dkt. 26-1. Defendants did not respond to this motion.

The district court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). While district courts have discretion to grant or deny motions to amend under Rule 15(a), the rule "evinces a bias in favor of granting leave to amend. Indeed, unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports,*

---

[2] Although Wilson titles the pleading Third Amended Complaint, it would be his second amended complaint.

*Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (cleaned up). Repleading by amendment is routine after a motion to dismiss, and leave to amend "should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Ass'n of Am. Physicians & Surgeons Educ. Foundation v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) (citation omitted).

Defendants identify no substantial reason to deny leave to amend. "[A]bsent a substantial reason . . . the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citation omitted). The Court also finds that the amendment does not appear futile and will not cause undue delay or undue prejudice to Defendants. *See Cross Trailers, Inc. v. Cross Trailer Mfg. & Sales, LLC*, No. W-16-CV-00418-JCM, 2017 WL 9472743, at *2 (W.D. Tex. Nov. 15, 2017) (finding that amendment would cause neither undue delay nor undue prejudice when the motion was filed before the deadline, trial was five months away, and discovery was open).

The Court **GRANTS** Wilson's Motion for Leave (Dkt. 26) to file a second amended complaint and **ORDERS** the Clerk to file Wilson's Second Amended Complaint (Dkt. 26-1).

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Additionally, the filing of an amended complaint "renders moot a motion to dismiss the original complaint." *Brown v. Henneke*, No. PE:24-CV-00007-DC-DF, 2024 WL 5369434, at *2 (W.D. Tex. Nov. 7, 2024). For these reasons, Defendants' motions to dismiss and for more definite statement are moot. *Id.* Defendants' opposed motion for an oral hearing on their motion to dismiss also is moot.

## IV.   Discovery Motions

The parties held their discovery conference under Rule 26(f) on November 3, 2025, and agreed to a joint proposed scheduling order. Dkt. 13-1. The next day, Wilson served his first request for production of communications and metadata under Rule 34. Dkt. 14. Ten days later, the parties submitted their joint proposed scheduling order, which is signed by both parties and states that "[d]iscovery commences on all issues" on March 16, 2026. *Id.* at 1. The Court entered the order on December 2, 2025. Dkt. 20.

On December 4, 2025, Defendants filed their motion to enforce the joint scheduling order, asking the Court to "deem Plaintiff's First Request for Production of Communications and Metadata premature, and enforce the parties' proposed agreed Defendants' Motion to Enforce Joint Scheduling Order." Dkt. 21 at 2-3. Wilson argues in response that Defendants must comply with Rule 34 and respond to the request for production. Dkt. 23. He also moves under Rule 37 to compel Defendants to respond to that discovery request. Dkt. 28.

Under the Federal Rules of Civil Procedure, parties may agree to modify the timing and method of discovery and stipulate to discovery procedures. FED. R. CIV. P. 16(b)(3)(B) and 29. The parties' filings show that they stipulated to commence discovery on March 16, 2026. Dkts. 13, 15. The Court entered the parties' joint scheduling order stating the same. Dkt. 20. Neither party was obligated to engage in discovery before March 16, 2026.

Because the parties agreed to the March 16, 2026 discovery commencement date, Defendants' Motion to Enforce Joint Scheduling Order (Dkt. 21) is **GRANTED** and Plaintiff's Motion to Compel Discovery and Request for Sanctions (Dkt. 28) is **DENIED**.

### V.      Plaintiff's Motion to Disqualify Defense Counsel

Wilson also moves to disqualify defense counsel Tyler Stevens, Susan Camp-Lee, and Sheets & Crossfield, PLLC from representing Defendants. In addition to working for Sheets & Crossfield, Stevens is City Attorney and Camp-Lee is Prosecuting Attorney for the City of Giddings and represented the City in the underlying dispute. Wilson argues that because defense counsel were involved in the underlying dispute, they "have become material fact witnesses" in this case and should be disqualified under Texas Rule of Professional Conduct 3.08.

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992). Courts consider "state and national ethical standards adopted by the court" when deciding a motion to disqualify. *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). "Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1995). Courts must consider the particular facts of each case in the context of the relevant ethical guidelines and deference to a litigant's rights. *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 300 (5th Cir. 2009).

> A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing. Therefore, notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification, particularly the disqualification of an entire firm, is a sanction that must not be imposed cavalierly.

*U.S. Fire Ins.*, 50 F.3d at 1316. The party moving for disqualification bears the ultimate burden of proof of showing that disqualification of counsel is necessary. *Texas v. Biden*, 570 F. Supp. 3d 398, 404 (N.D. Tex. 2021).

6

The "Lawyer as Witness" Rule provides:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

    (3) the testimony relates to the nature and value of legal services rendered in the case;

    (4) the lawyer is a party to the action and is appearing pro se; or

    (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08.

Rule 3.08 only "prohibits a testifying attorney from acting as an advocate before a tribunal, not from engaging in pretrial, out-of-court matters such as preparing and signing pleadings, planning trial strategy, and pursuing settlement negotiations." *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996). It is "grounded principally on the belief that the finder of fact may become confused when one person acts as both advocate and witness." *Id.* No such concern arises during pretrial proceedings. *Davis v. Centurylink, Inc.*, No. 3:22-CV-00038, 2023 WL 1787734, at *3 (S.D. Tex. Feb. 6, 2023), *R. & R. adopted*, 2023 WL 2401697 (S.D. Tex. Mar. 8, 2023), *aff'd*, No. 24-40381, 2025 WL 1009556 (5th Cir. Apr. 4, 2025). Thus, "courts routinely

allow a lawyer likely to be a witness to represent a client in pretrial proceedings but prohibit that same lawyer from serving as counsel at trial." *Id.* (citing cases).

The Court finds that Wilson's motion to disqualify is premature. He has not shown that defense counsel's representation presents a conflict under Rule 3.08. Even were there such a conflict, the rule applies only to lawyers testifying and acting as advocates at trial, not in pretrial proceedings. The Court **DENIES** without prejudice Wilson's motion for disqualification.

## VI.    Conference Requirements

Finally, the Court admonishes the parties to fully comply with the conference requirement in Local Rule CV-7(g) before filing any future non-dispositive motions. Local Rule CV-7(g) provides, in relevant part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Parties "do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Patel v. Shipper Servs. Express*, No. 5:20-cv-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020) (Garcia, C.J.). "Good faith" requires a genuine attempt to resolve the dispute through non-judicial means. *Noble Cap. Fund Mgmt., LLC v. US Cap. Glob. Inv. Mgmt., LLC*, No. 1:20-CV-01247-DAE, 2024 WL 5505578, at *1 (W.D. Tex. Nov. 7, 2024). If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement. *Id.* The good-faith requirement applies to both parties. *Patel*, 2020 WL 10056291, at *2.

The Court may strike any future motion that does not satisfy this rule.

8

## VII.    Order

The Court:

**(1) GRANTS** Defendants' Motion to Enforce Joint Scheduling Order (Dkt. 21);

**(2) GRANTS** Defendants' Motion to Strike Plaintiff's "Third" Amended Complaint (Dkt. 22) and **ORDERS** the Clerk to **STRIKE** the Third Amended Complaint (Dkt. 18) from the record;

**(3) DENIES** Plaintiff's Motion to Disqualify Defense Counsel (Dkt. 24);

**(4) GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 26) and **ORDERS** the Clerk to file Plaintiff's Second Amended Complaint (Dkt. 26-1);

**(5) DENIES** Plaintiff's Motion to Compel Discovery and Request for Sanctions (Dkt. 28); and

**(6) DISMISSES** as **MOOT** Defendants' Opposed Motion to Set Oral Hearing on Defendants' Motion to Dismiss (Dkt. 30).

## VIII.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** as **MOOT** Defendants' Motion for a More Definite Statement under Rule 12(e) (Dkt. 8) and Defendants' Motion to Dismiss under Rule 12(b)(6) (Dkt. 9).

## IX.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 22, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE